* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Houser with modifications.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. An employee-employer relationship existed between plaintiff and defendant-employer at all times relevant to this proceeding.
2. Claims Management, Inc., was the carrier on the risk at all times relevant to this proceeding.
3. The parties were subject to the North Carolina Workers' Compensation Act at all times relevant to this proceeding, defendant-employer employing the requisite number of employees to be bound under the provisions of said Act.
4. Plaintiff sustained an admittedly compensable injury by accident while working for the defendant-employer on 13 June 2003.
5. According to the Form 33R filed in this matter, defendants paid plaintiff temporary total disability from 14 June 2003 to 11 July 2003 and from 22 July 2003 to 30 July 2003. Temporary partial disability benefits were paid by defendants to plaintiff from 12 July 2003 to 21 July 2003 and from 31 July 2003 to 20 August 2003.
6. On 20 April 2005, plaintiff filed a Form 33 Request for Hearing claiming to be entitled to additional benefits.
7. On 10 May 2005, defendants, through counsel, served discovery on plaintiff.
8. On 7 June 2005, defendants requested plaintiff provide response as they were overdue.
9. All responses sought by defendants are directly related to plaintiff's injury by accident.
10. On 24 January 2006, defendants moved the Commission for an Order directing plaintiff to provide response to defendants' discovery no less than ten days prior to the day of the hearing in this matter, which was initially set to be heard on 8 February 2006 before Deputy Commissioner James C. Gillen.
11. On 27 January 2006, Deputy Commissioner Gillen ordered plaintiff to respond to defendants' Interrogatories and Request for Production of Documents within thirty (30) days, and ordered the case continued to be reset on the Sylva hearing docket.
12. Plaintiff did not comply with Deputy Commissioner Gillen's Order, as he did not provide responses to defendants' Interrogatories and Request for Production of Documents within thirty days, or any time thereafter.
13. This case was re-calendared on the Sylva docket to be heard before the Deputy Commissioner on 27 March 2006. The Industrial Commission sent a copy of the hearing calendar to the plaintiff via certified mail, and the Industrial Commission's file for this matter contains a signed delivery confirmation card showing the calendar was received at the plaintiff's residence. Accordingly, plaintiff was given the opportunity to be heard at a hearing and had ample notice of the same.
14. On 21 March 2006, defendants filed another motion with the Commission requesting for a second time that plaintiff be ordered to provide responses to defendants' Interrogatories and Request for Production of Documents, and indefinite continuance of the hearing pending receipt of the plaintiff's responses.
15. On 22 March 2006, the Deputy Commissioner entered an Order denying defendants' motion. The Deputy Commissioner further ordered that plaintiff bring all relevant information and documents to the hearing to satisfy defendants' discover request. Additionally, the Deputy Commissioner ordered that plaintiff should be prepared to offer an explanation for his violation of the Order filed by Deputy Commissioner Gillen. Lastly, the Deputy Commissioner ordered that should plaintiff not appear at the hearing, fail to provide all relevant information and documents, or fail to provide a satisfactory response for his violation of a Commission Order, a Motion to Dismiss would be received.
16. Prior to the hearing, plaintiff did not attempt to contact the defendants or the Commission to request an extension to prepare responses to defendants' Interrogatories or Production of Documents.
17. Plaintiff failed to comply with the 22 March 2006 Order of the Deputy Commissioner by (1) failing to appear at the hearing with materials sufficient to satisfy defendants' repeated requests for answers to Interrogatories and Request for Production of Documents, and (2) by failing to appear with an explanation as to why he failed to comply with Deputy Commissioner Gillen's Order of 27 January 2006. The Deputy Commissioner's Order of 22 March 2006 gave plaintiff sufficient notice and an opportunity to be heard on 27 March 2006 on the issues making his claim subject to dismissal.
18. The Full Commission finds that a sanction of dismissal is warranted for plaintiff's failure to respond to defendants' Interrogatories and Request for Production of Documents, especially in light of plaintiff's failure to comply with two Orders of the Commission and failure to make any attempts to contact either the defendants or the Commission to obtain an extension of time in which to answer defendants' discovery. Moreover, the Full Commission finds that plaintiff's failure to respond to discovery in accordance with defendants' repeated requests that he do so, with Deputy Commissioner Gillen's Order of 27 January 2006, or with the 22 March 2006 Order of the Deputy Commissioner, along with plaintiff's failure to even appear at the scheduled hearing in this matter has caused a deliberate and unreasonable delay in resolving the issues plaintiff has raised with the Commission.
19. Furthermore, the Full Commission finds as fact that the plaintiff's failure to respond whatsoever to defendants' discovery requests or appear to prosecute his claim prejudiced defendants' ability to identify and properly defend the issues to be litigated before the Commission. As such, the Full Commission finds the dismissal of plaintiff's claim for failure to prosecute is proper.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The Industrial Commission has the authority to dismiss a case with prejudice for plaintiff's failure to prosecute his claim pursuant to Rule 613(c) of the North Carolina Workers' Compensation Rules. This rule states that "Upon proper notice and an opportunity to be heard, any claim may be dismissed with or without prejudice by the Industrial Commission on its own motion or by motion of any party for failure to prosecute or comply with these Rules or any Order of the Commission." Workers' Compensation Rule 613(c).
2. Pursuant to Rule 613(c) of the Workers' Compensation Rules of the North Carolina Industrial Commission, and considering that plaintiff had ample opportunities to be heard on this matter by both defendants and the North Carolina Industrial Commission, plaintiff's claim must be dismissed with prejudice for failure to prosecute his claim. Workers' Compensation Rule 613(c).
3. The Commission concludes that dismissal of this action with prejudice is an appropriate and necessary remedy that is warranted under Rule 613 of the North Carolina Workers' Compensation Rules of Plaintiff's unwarranted and unjustified failure to appear for the 27 September 2005 Industrial Commission hearing and for failing to comply with two Orders of the Industrial Commission to respond to defendants Interrogatories and Request for Production of Documents.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. For good cause shown, Defendant's Motion is GRANTED and it is HEREBY ORDERED that plaintiff's claim is DISMISSED WITH PREJUDICE.
2. Each side shall bear its own costs.
This 14th day of December 2006.
S/_______________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_______________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________________________ DIANNE C. SELLERS COMMISSIONER